UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RSS WFCM2018-C44 - NY LOD, LLC, | Civil Action File No. 21-cv-04424-VSB |
| Plaintiff, | |
| v. | |
| 1442 LEXINGTON OPERATING DE LLC; AFSHIN HEDVAT; DANIEL RAHMANI; and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100, | |
| The names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S APPLICATION FOR THE APPOINTMENT OF A RECEIVER

THOMPSON & KNIGHT LLP
Keith M. Brandofino, Esq.
David V. Mignardi, Esq.
Attorneys for Plaintiff
    *RSS WFCM2018-C44 - NY LOD, LLC*
900 Third Avenue, 20th Floor
New York, New York 10022
(212) 751-3001
keith.brandofino@tklaw.com
david.mignardi@tklaw.com

## INTRODUCTION

Plaintiff,[1] acting by and through Special Servicer, as special servicer under the Pooling and Servicing Agreement dated as of May 1, 2018, submits this memorandum of law in support of its motion seeking an order appointing Ian Lagowitz of Trigild IVL Group, LLC as receiver of the Borrower's Assets pursuant to Fed. R. Civ. P. 66, and granting such other and further relief as is just and proper.

By this action, Plaintiff seeks to, inter alia, foreclose the Mortgage securing the Loan in the original principal amount of $11,600,000.00 against, among other collateral, the Property. Borrower has defaulted under the Mortgage and related Loan Documents by, inter alia: (i) failing to remit the Monthly Debt Service Payment on the April 2020 Monthly Payment Date and each Monthly Payment Date thereafter; (ii) failing to pay all Taxes levied, assess or imposed as against the Property for the year 2020; (iii) altering, modifying or changing certain Leases of the Property; (iv) failing to uphold its Lease Obligations for thirty days after notice; and (v) failing to provide to Plaintiff the Outstanding Financial Items for thirty days after notice.

Plaintiff now moves for the appointment of a receiver of the Borrower's Assets during the pendency of this action. This Court should grant Plaintiff's motion for several reasons. First, Borrower transferred equitable title to the Rents to Plaintiff and in the Mortgage agreed that, upon its default thereunder, Plaintiff was duly entitled to reobtain possession thereof. Therein, Borrower further acknowledged Plaintiff's entitlement to apply for the appointment of a rent receiver without notice and without regard for either the adequacy of the security of the Debt or Borrower's solvency, and expressly and irrevocably consented to such appointment. Further,

---

[1] Capitalized terms not defined herein shall have the same meanings as ascribed in the accompanying Declaration of Keith M. Brandofino, Esq., dated June 2, 2021 ("Brandofino Decl.") and Declaration of Nicholas Powell, sworn to on May 11, 2021 ("Powell Decl.").

although Plaintiff has revoked Borrower's license to collect and has demanded remittance of the Rents, Borrower continues to ignore its Rent turnover obligation and the cash management procedures established by and agreed to within the Loan Documents.   In addition, due to Borrower's failure to provide the Outstanding Financial Items, Plaintiff has no information on the current status of the tenancies at the Premises, the performance of the Property itself and overall financial health of Borrower.   Accordingly, as the Loan is generally non-recourse, Borrower has no real incentive to cure the existing Events of Default and is seemingly content with circumstances remaining status quo.   With Borrower's Assets serving as Plaintiff's primary, if not sole, source of recovery for the Loan, any significant diminution in value thereof would yield irreparable harm to Plaintiff.   As Plaintiff possesses no other adequate remedy at law, this Court should grant Plaintiff's request for the appointment of a receiver over Borrower's Assets.

For the reasons more fully set forth below, Plaintiff respectfully requests that the Court grant this motion and appoint Mr. Lagowitz as receiver of the Borrower's Assets.

## FACTUAL BACKGROUND

The factual background relevant to the instant motion is fully set forth in the Brandofino Decl. as well as the Powell Decl. that are submitted herewith, and the documents respectively annexed thereto and, therefore, will not be repeated herein.

## ARGUMENT
## PLAINTIFF IS ENTITLED TO THE APPOINTMENT OF A RECEIVER

The Federal Rules of Civil Procedure "govern an action in which the appointment of a receiver is sought . . . [b]ut the practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66.

2

Upon an Event of Default, it is well established that federal courts may appoint a receiver where a note and security agreement authorize the remedy. See Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n, 787 F. Supp. 250, 253-54 (D.D.C. 1992) (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (1973) ("Creditors with a security interest in real property have a well-established interest in the property sufficient to support the appointment of a receiver.")).  "It is entirely appropriate for a mortgage holder to seek the appointment of a receiver where the mortgage authorizes such appointment, and the mortgagee has repeatedly defaulted on conditions of the mortgage which constitute one or more events of default." Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93, 97-98 (2d Cir. 1988) (citing Mancuso v. Kambourelis, 72 A.D.2d 636, 637, 421 N.Y.S.2d 130, 131 (3d Dep't 1979)).  Indeed, "the existence of a provision authorizing the application for a receiver in the event of a default, 'strongly supports the appointment of a receiver' when there is a default." U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC, 866 F. Supp. 2d 247, 250 (S.D.N.Y. 2012) (citing Citibank, N.A., 839 F.2d at 97).

In addition to the legal authority empowering this Court to appoint a receiver, by the express terms of the Loan Documents, Borrower has previously consented to the within requested relief should it default on the Loan, an event that has indisputably transpired. See Powell Decl., Ex 3 at § 7.1(g).  And, here, there is no question that Events of Default have occurred entitling Plaintiff to the appointment of a receiver, to wit: the Payment Default, the Tax Default, the Cash Management Obligations Default, and the Financial Reporting Default. Id. ¶ 20; see also Brandofino Decl., Ex. A ¶¶ 35-56.  Accordingly, the appointment of a receiver herein is appropriate not only because federal law expressly authorizes it but because the Loan Documents

3

provide Borrower's express consent to such an appointment following Borrower's default, which default is indisputable.

In addition to the foregoing, there exist other factors supporting Plaintiff's request for a receiver.  In determining whether the appointment of a receiver is warranted, federal courts will also consider, inter alia, the following factors:

> Fraudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

U.S. Bank Nat'l Ass'n, 866 F. Supp. 2d at 249-50 (granting motion to appoint receiver and citing factors) (quoting Varsames v. Palazzolo, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (quoting  12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (1999)) (internal alterations omitted).)  Many of the foregoing factors also weigh in favor of the appointment of a receiver of the Property.

First, there is imminent danger that the Property will suffer waste and diminish in value in the absence of an appointed receiver.  Although Borrower's license to collect the Rents (as defined in the Mortgage, defined below) has been revoked and Plaintiff has demanded remittance of same, Borrower has neither remitted any of the Rents collected nor complied with its contractual Cash Management Obligations. See Powell Decl. ¶ 24.  Despite enjoying the benefit of such Rents, Borrower has demonstrated an unwillingness to pay necessary property expenses for the Property.  Specifically, since July 1, 2020, Borrower has failed to pay all Taxes assessed for the Property, which failure prompted Plaintiff to pay such unpaid Taxes on behalf of Borrower. Id. ¶ 20.  And, with Borrower intentionally concealing the true financial status and performance

4

of the Property by failing deliver complete financial information, in direct contravention of its obligations under the Loan Agreement (id. ¶ 25), Plaintiff is left to speculate as to the condition of the Property, which acts as its primary source of collateral for repayment of the Loan.  In order to preserve the value of Borrower's Assets, a receiver is clearly needed to take immediate control of them and operate the Property as an ongoing concern.

Second, Plaintiff's legal remedies would be inadequate in the absence of an appointed receiver.  Indeed, the Loan is generally non-recourse such that, except under limited circumstances as set forth in the Loan Documents, neither Borrower nor Guarantor have personal liability for its repayment. See Powell Decl., Ex. 1 at § 11.22; Ex. 5 at § 1.2.  Thus, Plaintiff's primary, if not, sole source of recovery on the Loan is the Borrower's Assets.  With the status of the Property unknown to Plaintiff and seemingly slipping into a state of abandonment, risk of waste and dissipation or diminution in the value of Plaintiff's collateral seems likely, if not, certain.  A receiver is needed to immediately take possession of and preserve the Property until this action is resolved or until Plaintiff coordinates liquidation of the Property.  In turn and without an apparent avenue to recourse liability under the Loan Documents, the harm that Plaintiff would suffer, in the absence of an appointed receiver, far outweighs the harm that Borrower would suffer, should a receiver be appointed, especially in light of Borrower's prior consent to an appointed receiver in precisely this instance.

Third, and by virtue of Borrower's execution of the Loan Documents and subsequent default on the Loan, Plaintiff has shown its likelihood of success on the merits of its mortgage foreclosure claim under New York law. See Gustavia Home, LLC v. Rutty, 720 Fed.Appx. 27, 28 (2d Cir. 2017) ("In a foreclosure action under New York law, a plaintiff

5

establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note and the defendant's default.") (citations omitted).

Finally, appointment of Mr. Lagowitz as receiver for the Borrower's Assets would aid in the protection of the Property and preservation of its value. Receiver is a Managing Partner of Trigild IVL Group, LLC, a real estate management company with tremendous experience managing and acting as court-appointed receiver for properties such as the Property at issue here. See Brandofino Decl., Ex. B. With such experience and a national presence, Mr. Lagowitz and Trigild IVL Group, LLC are uniquely suited to take possession of the Property, preserve its value and potentially avoid irreparable harm to Plaintiff's collateral.

Based on the foregoing, it is clear that many of the relevant factors for this Court's consideration support the appointment of a receiver herein.  Further, and in light of Mr. Lagowitz's and Trigild IVL Group, LLC's experience, Plaintiff asks that the Court waive the bond requirement for the appointed receiver or, in the alternative, require that a minimal bond in an amount of no more than $7,500 be posted.

6

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in its entirety.

Dated: New York, New York
        June 2, 2021

THOMPSON & KNIGHT LLP

By: */s/ Keith M. Brandofino*
    Keith M. Brandofino, Esq.
    David V. Mignardi, Esq.
    Attorneys for Plaintiff
        *RSS WFCM2018-C44 - NY LOD, LLC*
    900 Third Avenue, 20th Floor
    New York, New York 10022
    (212) 751-3001
    keith.brandofino@tklaw.com
    david.mignardi@tklaw.com

7

527548.000011 24910112.4