UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RSS WFCM2018-C44-NY LOD, LLC,

                                 *Plaintiff*,

              -against-

1442 LEXINGTON OPERATING DE LLC, AFSHIN HEDVAT, DANIEL RAHMANI and "JOHN DOE" NO.1 THROUGH "JOHN DOE" NO. 100, The names of the "John Doe" Defendants being fictitious And Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described,

                                 *Defendant*.
-----------------------------------------------------------------X

Civil Action No.
1:21-cv-04424

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR THE APPOINTMENT OF A RECEIVER

This memorandum of law is respectfully submitted, by and through its attorneys, the Law Office of Steven Cohn, P.C., on behalf of defendants, 1442 Lexington Operating DE LLC, Afshin Hedvat and Daniel Rahmnai ("Defendants") in opposition to plaintiff RSS WFCM2018-C44-NY LOD, LLC's ("Plaintiff") Application for the Appointment of a Receiver ("Application").

## ARGUMENT

## PLAINTIFF'S APPLICATION SHOULD BE DENIED BECAUSE THE APPOINTMENT OF A RECEIVER WOULD NOT SERVE ANY PURPPOSE

Plaintiff's application does not demonstrate that the appointment of a receiver would serve any beneficial purpose under the circumstances of this matter, and so it should be denied. Under New York law, a receiver may be appointed in a mortgage foreclosure action where (i) "there is

1

danger that the property will be removed from the state, or lost, materially injured or destroyed," or (ii) the mortgage itself provides the mortgagee with the right to an appointment. *See* CPLR 6401(a); New York Real Property Law (RPL) § 254(10).

To demonstrate a threat to the property, "[a] party moving for the appointment of a temporary receiver must submit 'clear and convincing evidence of irreparable loss or waste to the subject property and that a temporary receiver is needed to protect their interests.'" *Magee v. Magee*, 120 A.D.3d 637, 638 (2d Dep't 2014). Where the mortgage provides the right to a receiver, "the consent of a mortgagor to a receivership is in any event not conclusive." *First Nat. Bank of Glens Falls v. Caputo*, 124 A.D.2d 417, 418 (3d Dep't 1986). The Court nevertheless "has the discretion as a matter of equity to deny appointment of a receiver under appropriate circumstances. . . ." *Fed. Home Loan Mortg. Corp. v. Jerwin Realty Assocs.*, No. CV-92-4626 (CPS), 1992 WL 390264, at *2 (E.D.N.Y. Dec. 14, 1992); *ADHY Advisors LLC v. 530 W. 152nd St. LLC*, 82 A.D.3d 619 (1st Dep't 2011) (stating, "a court of equity, in its discretion and under appropriate circumstances, may deny" appointment of receiver even where the mortgage provides for such a right).

Under either circumstance, if a receiver will not serve a beneficial purpose, then one should not be appointed. *See Fed. Home Loan Mortg. Corp. v. Jerwin Realty Assocs.*, No. CV-92-4626 (CPS), 1992 WL 390264, at *2 (E.D.N.Y. Dec. 14, 1992) (noting, "where a receiver will serve no useful purpose, this Court may decline to appoint a receiver.") This is because "[t]he appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits." *Vardaris Tech, Inc. v. Paleros Inc.*, 49 A.D.3d 631, 632 (2d Dep't 2008); *First Nat. Bank of Glens Falls v. Caputo*, 124 A.D.2d 417, 418 (3d Dep't 1986).

The appointment of a receiver is not "to be used as a sanction." *In re Armienti*, 309 A.D.2d 659, 661 (1st Dep't 2003). "The purpose of a receiver is to ensure the conservation of the premises for both the owner's and the mortgagee's benefit." *Fed. Home Loan Mortg. Corp*, 1992 WL 390264, at *2.

Here, Plaintiff has not demonstrated that the appointment of a receiver would serve a beneficial purpose. Plaintiff seeks to take possession of:

(a) The Property; and

(b) All non-privileged documents, instruments, agreements and materials in Defendants' and/or their agents' possession or control relating to the ownership, maintenance, repair, replacement, improvement, management, leasing, insuring, financing, operation, preservation and protection of the Borrower's Assets, including, without limitation, all service agreements, contracts, licenses, permits, floor plans, space plans, specifications, surveys, maps, and drawings of the Property, access codes, combinations, passwords with respect the Property, maintenance and testing records with respect to mechanical systems, fire life safety systems, plumbing systems, security systems, or other systems for which Defendants have had maintenance or repair obligations within the two (2) years immediately preceding the date of this Order (collectively, the "Project Records"), to the extent that the foregoing is in the possession and/or control of Defendants;

(c) All checking, savings, depository, payroll, vendor, petty cash or other accounts relating to the Property except for the ones directly held or actually controlled by Plaintiff, together with all funds contained therein (collectively, the "Project Accounts"), to the extent that the foregoing is in the possession or control of Defendants;

(d) All rents, payments, revenues, refunds and other income from, relating to or derived from the Property received on or after the date of this Order (collectively, the "Project Income"), to the extent that the foregoing is in the possession and/or control of Defendants;

(e) All security, utility, prepayments and other deposits received by Defendants and/or their agents after the date of this Order and any deposits made by either Defendant to any lessor, utility provider or other service provider, in each case in connection with the ownership, operation, repair or use of the Property (collectively, the "Project Deposits"), to the extent that the foregoing is in the possession and/or control of Defendants;

and (f) The originals, if any in the possession or control of Defendants, of all leases, subleases, licenses, franchise agreements, tenant notices, lease amendments, side agreements, easement agreements, in Defendants' or their agents' possession or control relating to the use or occupancy of the Property (collectively, the "Leases")

(Pl. Ex. C.[1])

The bases upon which Plaintiff argues that it should take possession of the foregoing is, fundamentally, that Defendants have "failed to cure the Defaults and to turn over the Rents and profits generated by the Property," and "failed to uphold its financial reporting obligations under the Loan Documents . . . ." (Powell Decl. ¶¶ 22-25.) On the basis of those allegations, Plaintiff speculates in conclusory fashion that "[w]ith the status of the Property unknown to Plaintiff and seemingly slipping into a state of abandonment, risk of waste and dissipation or diminution in the value of Plaintiff's collateral seems likely, if not, certain." (Pl. MOL, at p. 5.)

Significantly, however, Plaintiff does not articulate any actual threat to the Property, which is being maintained and operated by Defendants, and is occupied by tenants. (Hedvat Decl. ¶¶ 3-6.) Given the stability of the value of the Property, Plaintiff's interests are adequately preserved and the appointment of a receiver would be an unnecessary expense. The Court should therefore exercise its equitable powers and deny Plaintiff's application to appoint a receiver.

To the extent that Plaintiff's argue for the appointment of a receiver on the basis of Defendants failing to "turn over the Rents and profits generated by the Property," that alleged breach of what is, fundamentally, Plaintiff's alleged right to unilaterally help itself to some of the relief sought herein by its Application, does not make the appointment of a receiver an efficient means of conserving the Property during the adjudication of this matter. (Powell Aff. ¶ 24.) In an

---

[1] "Pl. Ex. ___" refers to the exhibits annexed to the Declaration of Nicholas Powell in Support of Plaintiff's Application for the Appointment of a Receiver ("Powell Decl.").

4

effort to minimize inconvenience to the tenants of the Property and costs to the Parties, the supporting Deceleration of Afshin Hedvat sets forth the actions to remedy the concerns of the Plaintiff. As set forth in the Hedvat Declaration, Defendants will arrange for the profits generated by the Property, net of holding back a fixed amount monthly to pay estimated Property expenses, to be deposited directly into an account controlled by Plaintiff. (Hedvat Decl. ¶¶ 3-6.) Based on the above, Plaintiff's allegations do not constitute a threat to the Property such that Plaintiff should take possession of it. Because there is no threat to the Property and the appointment of a receiver would be an unnecessary expense, Plaintiff's Application should be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Application for the Appointment of a Receiver should be denied.

Dated: Carle Place, New York
August 10, 2021

LAW OFFICE OF STEVEN COHN, P.C.

By: /s/ Steven Cohn
Attorneys for Defendants
One Old Country Road Suite 420
Carle Place, New York 11514
(516) 294-6410