UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
RSS WFCM2018-C44-NY LOD, LLC,         :
                                      :
                          Plaintiff,  :        21cv4424 (DLC)
                                      :
              -v-                     :        OPINION AND ORDER
                                      :
1442 Lexington Operating DE LLC, et   :
al.,                                  :
                                      :
                          Defendants. :
                                      :
------------------------------------- X

APPEARANCES:

For plaintiff RSS WFCM2018-C44 - NY LOD, LLC:
Keith Michael Brandofino
David Vincent Mignardi
Holland & Knight LLP
900 Third Ave, 20th Floor
New York, NY 10022

For defendants 1442 Lexington Operating DE LLC, Afshin Hedvat,
and Daniel Rahmani:
Steven Cohn
Steven Cohn, P.C.
One Old Country Road, Ste 420
Carle Place, NY 11514

DENISE COTE, District Judge:

    Seeking to enforce its rights under a Note, the plaintiff

RSS WFCM2018-C44-NY LOD, LLC has moved for summary judgment

against the borrower.  It also seeks to strike the affirmative

defenses pleaded in the answer and to sever that portion of its

complaint that seeks to enforce its rights under a guaranty.

For the following reasons, the motion is granted.

## Background

This action arises out of a loan in the amount of $11.6 million secured by a mortgage on 1442 Lexington Avenue, New York, New York (the "Property").  On April 12, 2018, the borrower obtained the loan from Ladder Capital Finance LLC ("Ladder") pursuant to a loan agreement ("Agreement").  Payments were due on the 6th day of each month, beginning June 6.  All unpaid principal and other amounts owed under the loan were due to be paid on May 6, 2023.  On April 12, 2018, the borrower also executed and delivered to Ladder a Promissory Note in that same amount ("Note").

As collateral for the loan, the borrower executed, acknowledged, and delivered to Ladder a Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement dated April 12, 2018 (the "Mortgage").  Ladder recorded the Mortgage on April 24.  In connection with the Agreement, on April 12, 2018, defendants Afshin Hedvat and Daniel Rahmani (the "Guarantors") executed a Guaranty of Recourse Obligations (the "Guaranty").

Several Events of Default under the Agreement have occurred.  These include the failure to remit payments due under the Agreement and the failure to pay all taxes imposed against the Property.  The borrower went into default under the Agreement as of April 6, 2020.  A First Notice of Default was

2

issued on June 15, 2020.  The borrower remains in default.  A
Second Notice of Default dated March 11, 2021 notified the
borrower and Guarantors of the borrower's failure to pay taxes
imposed against the Property, including the real estate taxes
due for 2020.  The plaintiff paid those taxes on behalf of the
borrower.

Through assignments, the plaintiff became the holder and
owner of the Note, the Mortgage, and the other Loan Documents,
including the Guaranty.  The plaintiff filed this action on May
17, 2021.  A receiver was appointed for the Property on
September 28.

On October 22, the plaintiff filed this motion for summary
judgment.  The motion was supported by declarations and copies
of the relevant documents, including those evidencing the
assignment of the rights associated with these transactions to
the plaintiff.[1]  In opposing this motion, the defendants have

---

[1] The plaintiff treated the declaration of Nicholas Powell, Vice
President of Asset Management with the special servicer Rialto
Capital Advisors, LLC, as its Rule 56.1 Statement.  The
defendants did not file any counterstatement pursuant to Rule
56.1.  As a result, the facts described in the Powell
declaration are deemed admitted.  See T.Y. v. New York City
Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving
party's failure to respond to a Rule 56.1 statement permits the
court to conclude that the facts asserted in the statement are
uncontested and admissible.").  In any event, the Powell
declaration was principally a vehicle for describing and
attaching transaction documents and the defendants do not take
issue with the authenticity of those documents.

submitted a memorandum but no declaration or documents.  The
motion became fully submitted on November 19.

## Discussion

The plaintiff seeks summary judgment on the first three
counts of the complaint.  It requests as well that the
defendants' answer be stricken; that the calculation of the
amount of the judgment be referred for an inquest; and that
count five of the complaint, which is brought against the
Guarantors, be severed.

Summary judgment may only be granted when "the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R.
Civ. P. 56(a).  "To present a genuine issue of material fact
sufficient to defeat a motion for summary judgment, the record
must contain contradictory evidence such that a reasonable jury
could return a verdict for the nonmoving party."  Horror Inc. v.
Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).
Material facts are facts that "might affect the outcome of the
suit under the governing law."  Choi v. Tower Rsch. Cap. LLC, 2
F.4th 10, 16 (2d Cir. 2021) (citation omitted).  In considering
a motion for summary judgment, a court "construe[s] the facts in
the light most favorable to the non-moving party and must
resolve all ambiguities and draw all reasonable inferences

4

against the movant."  Kee v. City of New York, 12 F.4th 150, 158
(2d Cir. 2021) (citation omitted).

I.  Counts One through Three

The first three counts of the complaint seek foreclosure of
the Mortgage, a public sale of the Property, and a declaration
that the plaintiff is entitled to possession of the Property and
the related Collateral.  The plaintiff has shown that it is
entitled to summary judgment on these three claims.

The plaintiff has supported this motion for summary
judgment with the documents that establish the creation of the
underlying obligations.  There is no dispute about any of the
chronology recited above or the existence of Events of Default
under the Agreement and the Note.  The plaintiff has also
established its right to bring this lawsuit and to enforce the
obligations undertaken by the borrower when it executed the
Agreement and the other Loan Documents.  The plaintiff included
the relevant assignment documents as support for this motion.

The borrower has not offered any evidence to raise a
question of fact regarding its obligations under the Loan
Documents or the plaintiff's right to foreclose on the Mortgage
and seek the other remedies provided under the Agreement, the
Note, and the other Loan Documents.  The defendants only
opposition to this motion for summary judgment is an argument

that some of their affirmative defenses may be valid.  As
described next, those affirmative defenses must be stricken.

II.  Affirmative Defenses

The plaintiff moves to strike the answer.  The plaintiff
contends that the entire answer should be stricken since it
contains only general denials of the allegations in the
complaint and ten affirmative defenses which have no basis in
law or fact.  It is only necessary to consider its motion to
strike the affirmative defenses.  That motion is granted.

In opposing the motion to strike the affirmative defenses,
the defendants do not seek to preserve each of their pleaded
affirmative defenses.  They argue, however, that some of their
pleaded defenses have merit.

First, the defendants contend that only Ladder can enforce
the Guaranty.  If that is so, the defendants contend that two of
their affirmative defenses survive, to wit, the third (statute
of frauds) and seventh (failure to join an indispensable party).
The defendants express concern as well that the joinder of
Ladder may destroy diversity jurisdiction.

These affirmative defenses must be stricken.  The plain
meaning of the Loan Documents does not support these affirmative
defenses.  The Guaranty states that it inures to the benefit of
the successors and assigns of the parties to the Guaranty.  It
recognizes as well that Ladder, as the lender, may sell, assign,

or transfer all of its rights under the Guaranty in connection
with any assignment or sale of the Loan and the Loan Documents.
It adds that "Any assignee or transferee of Lender shall be
entitled to all the benefits afforded to Lender under this
Guaranty."

There is no dispute that the Loan was assigned to the
plaintiff and that the plaintiff holds the Note.  Thus, by its
own terms, it is the plaintiff that has the sole power to
enforce the Guaranty.  There is therefore no need to join Ladder
as a party to this lawsuit and no ground for doing so.

Second, the defendants contend that discovery is necessary
to learn whether the plaintiff acquired its interest in the
Mortgage and Note as a means of bringing this suit, which they
assert would violate the doctrine of champerty.  They identify
this concern as related to affirmative defenses second (lack of
standing), sixth (real party in interest), eighth (doctrine of
champerty), and tenth (lack of capacity).  The defendants note
that the Loan Documents were not assigned to the plaintiff until
March 16, 2021, and this action was filed on May 17, 2021.

The champerty statute, New York Judiciary Law § 489, does
not apply "when the purpose of an assignment is the collection
of a legitimate claim."  Tr. for Certificate Holders of Merrill
Lynch Mortg. Invs., Inc. v. Love Funding Corp., 591 F.3d 116,

121 (2d Cir. 2010) (citation omitted).  Section 489(1) restricts "companies from purchasing or taking an assignment of notes or other securities 'with the intent and for the purpose of bringing an action or proceeding thereon.'"  <u>Justinian Cap. SPC v. WestLB AG</u>, 28 N.Y.3d 160, 166 (2016) (quoting N.Y. Jud. L. § 489(1)).  "[I]n order to constitute champertous conduct in the acquisition of rights the foundational intent to sue on that claim must at least have been the primary purpose for, if not the sole motivation behind, entering into the transaction."  <u>Id.</u> at 167 (citation omitted).  Accordingly, that statute only prohibits the purchase of claims "where such claims would not be prosecuted if not stirred up in an effort to secure costs."  <u>Tr. For the Certificate Holders of the Merrill Lynch Mort. Invs., Inc. Mortg. Pass-Through Certificates, Series 1999-CI v. Love Funding Corp.</u>, 13 N.Y.3d 190, 201 (2009) (citation omitted).

Here, the claim existed long before this lawsuit was filed. The borrower defaulted on its obligations under the Agreement and the Note as early as April 2020.  The loan was accelerated in September 2020, before the assignment of the Loan Documents to the plaintiff.  The borrower was served with Notices of Default in June 2020 and again in March 2021.  Given these undisputed facts, the defendants have failed to show any need

for discovery or any reason to hesitate in granting the plaintiff's motion to strike these four affirmative defenses.

III. Severance of Count Five: The Guaranty

The plaintiff has moved to sever Count Five, which seeks enforcement of the Guaranty.  As the plaintiff explains, it will only seek to enforce the Guaranty in the event the sale of the Property does not satisfy all of the borrower's financial obligations to the plaintiff.  The motion for severance is granted.

The defendants oppose the severance and argue that Count Five should be dismissed.  The defendants contend that New York Real Property and Proceedings Law ("RPAPL") § 1301(3), which the ninth affirmative defense pleads, prevents the plaintiff from obtaining in a single action a foreclosure on the Mortgage and sale of the Property, along with the enforcement of the Guaranty to recover any monies outstanding following the sale of the Property.

The defendants misconstrue the law.  N.Y. RPAPL § 1301(3) provides that

> While the action is pending or after final judgment
> for the plaintiff therein, no other action shall be
> commenced or maintained to recover any part of the
> mortgage debt, without leave of the court in which
> the former action was brought.

This provision of New York law is referred to as the One-Action Rule.  See Putnam Cty. Sav. Bank v. Allview Ests., Inc.,

655 N.Y.S.2d 639, 640 (2d Dep't 1997).  It does not preclude a mortgagee from seeking a deficiency judgment in the same action in which it seeks to foreclose on a mortgage.  See, e.g., Aurora Loan Services, LLC v. Lopa, 932 N.Y.S.2d 496, 496 (2d Dep't 2011).  Indeed, under N.Y. RPAPL § 1371(3) a failure to name the guarantor in the initial foreclosure action may result in a loss of the right to recover the deficiency.  N.Y. RPAPL § 1371(3) provides that "[i]f no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."  See, e.g., U.S. v. Levine, 902 F. Supp. 367, 370 (S.D.N.Y. 1995) (holding that, under N.Y. RPAPL § 1371, the U.S. Government could not seek deficiency from a guarantor after failing to sue the guarantor in an earlier case).

## Conclusion

The plaintiff's October 22, 2021 motion for summary judgment is granted.   The affirmative defenses are stricken from the answer.   Count Five is severed for a later determination in the event an auction of the Property does not result in the plaintiff's recovery of the full amount due and owing.

Dated:    New York, New York
           December 2, 2021

                                     DENISE COTE
                    United States District Judge