```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
RSS WFCM2018-C44 - NY LOD, LLC,          :
                                         :
                       Plaintiff,        :     21cv4424 (DLC)
                                         :
             -v-                         :     OPINION AND ORDER
                                         :     ACCEPTING REPORT
1442 Lexington Operating DE LLC, et      :     AND RECOMMENDATION
al.,                                     :
                                         :
                       Defendants.       :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On December 21, 2021, the Court granted summary judgment in favor of the plaintiff and referred the matter to the Magistrate Judge for an inquest and Report and Recommendation as to damages. On August 19, 2024, Magistrate Judge Valerie Figueredo issued her Report and Recommendation ("Report").[1] Neither party objected. For the following reasons, the Report's recommendation is adopted and judgment is entered against defendant 1442 Lexington Operating DE LLC ("borrower") in the total amount of $16,709,860.65, in addition to reimbursement of a liquidation fee following the foreclosure sale.

The plaintiff commenced this action on May 17, 2021, seeking foreclosure of 1142 Lexington Avenue, New York, New York

---

[1] This matter was initially designated to Magistrate Judge Debra C. Freeman, but it was redesignated to Magistrate Judge Figueredo on February 13, 2023.

(the "Property"), which secured an $11.6 million loan made to the borrower on April 12, 2018 and that was later assigned to the plaintiff (the "Loan"). Defendants Afshin Hedvat and Daniel Rahmani guaranteed the Loan. The borrower entered default on April 6, 2020, through its failure to remit payment due under the loan agreement and its failure to pay taxes imposed against the Property.

A receiver was appointed for the Property on September 28, 2021. On October 22, the plaintiff moved for summary judgment on the first three counts of the complaint, which sought foreclosure of the property, its public sale, and a declaration that the plaintiff was entitled to possession of the property and related collateral. On December 2, summary judgment was granted in favor of the plaintiff and the matter was referred to the Magistrate Judge for a damages hearing.[2]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no

---

[2] On December 29, 2021, the borrower filed a notice of appeal, but the Second Circuit Court of Appeals dismissed the appeal on February 13, 2023 for lack of appellate jurisdiction. RSS WFCM2018-C44 – NY LOD, LLC v. 1442 Lexington Operating DE LLC, 59 F.4th 586 (2d Cir. 2023).

2

clear error on the face of the record." Philpot v. Music Times LLC, 16cv1277 (DLC), 2017 WL 1906902, at *1 (S.D.N.Y. May 9, 2017) (citation omitted).

The Report contains no clear error. The Report reasonably referenced the loan agreement, servicing agreement, and other loan documents, as well as other documentation of fees and costs, in its calculation of amounts owed to the plaintiff. Those amounts include the Loan's unpaid principal, the accumulated unpaid interest, the accumulated default interest, late fees, special servicing fees, the liquidation fee, taxes, insurance payments, attorneys' fees and costs, and other fees.

## Conclusion

Finding no clear error in Magistrate Judge Figueredo's Report, the Report is adopted without modification. The Clerk of Court shall enter judgment against the borrower for $11,600,000.00 in unpaid principal, $1,950,784.89 in accumulated non-default interest, $1,996,801.68 in accumulated default interest, $19,132.48 in late fees, $116,403.23 in special servicing fees, $617,883.66 in taxes and insurance payments, $241,402.92 in property protective advances, $400.00 in payoff processing fees, $81.52 in Uniform Commercial Code (UCC) filing fees, $75.00 in non-sufficient funds (NSF) check fees, and $166,895.27 in interest on the protective advances. The

plaintiff is also entitled to reimbursement of a liquidation fee, as calculated and charged to the plaintiff after the sale of the Property. Appellate review of this decision is unavailable because neither party filed written objections to the Report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
September 10, 2024

_____
DENISE COTE
United States District Judge